# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NYREEKIS HUNTER, as Personal Representative of the Estate of Ricky DeAngelo Hinkle, deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 2:16-cv-1521-MHH |
| **Habimana Dukuzumuremyi; ADVANCED CORRECTIONAL HEALTHCARE, INC.; and DAVID HICKS, D.O.** ) ) ) ) ) | |
| **Defendants.** ) | |

## AMENDED REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Fed. R. Civ. P. 26(f) and this Court's August 23, 2019 Order, a meeting of the remaining parties was held on the 7th day of August, 2019 and on the 29th day of August, 2019, and was attended by: Mathew Garmon and Jeremy Knowles, counsel for Plaintiff, and John G. Dana and James A. Stewart, counsel for Defendant, Habimana Dukuzumuremyi, and J. Michael Cooper and H.C. Ireland, III, counsel for Defendants, Advanced Directional Healthcare, Inc., and David Hicks, D.O..

2.  **Agreement to Mediate**.

The Parties have agreed to make a good faith effort and resolve this case through mediation before each party moves forward with discovery. The

1

mediation is scheduled to occur on October 24, 2019 with Mr. Michael B. Walls at the firm Upchurch, Watson, White & Max serving as the mediator. Should mediation not conclude with a resolution and/or settlement agreement between the parties, the parties agree to move forward with the Discovery Plan below.

  **3.** **Discovery Plan.**

  (a) Discovery will be needed on the following subjects:

  (1) Plaintiffs will need discovery on the facts, documents, information and testimony relating to all of Plaintiffs' claims and allegations and alleged damages:

  (2) Defendants will need discovery on Plaintiffs' factual allegations, claims and alleged damages as well as the facts, documents, information and testimony relating to all of Defendants' defenses and claims.

  (b) Disclosure of electronically stored information will be handled in accordance with the Federal Rules of Civil Procedure.  Production of such information in PDF format or hard copy is allowed but does not preclude a party from seeking forensic review or analysis of electronic information to the extent allowed under the Federal Rules of Civil Procedure.

  (c) All discovery must be commenced in time to be completed by **August 1, 2020.**

(d) The parties also agree that discovery may be limited as follows:

(1) Maximum of (40) interrogatories by each party to the other party with responses due within (30) days after service.

(2) Maximum of (20) requests for admissions by each party to the other party with responses due within (30) days after service.

(3) Maximum of (50) requests for production of documents by each party to the other party with responses due within (30) days after service.

(4) Maximum of ten (10) depositions by Plaintiffs and maximum of ten (10) depositions by the Defendants, except for good cause shown. No deposition shall exceed seven hours, exclusive of breaks, unless agreed to by the parties or ordered by the Court.

(5) Reports from retained experts, if any, under Rule 26(a)(2) are due:

From Plaintiff by **February 15, 2020**;

From Defendant by **March 15, 2020**;

(e). Supplementation of initial disclosures and discovery responses shall be in accordance with Rule 26(e) by **April 1, 2020**.

**4. Other Items.**

a. The parties do not request a conference prior to entry of a scheduling order. However, should the Parties not resolve this matter at

Mediation, the parties request a status conference on or before December 15, 2020.

    b.    Plaintiff should be allowed until **January 15, 2020**, to join additional parties and to amend the pleadings. Defendant should be allowed until **February 15, 2020,** to join additional parties and to amend the pleadings.

    c.    All potentially dispositive motions must be filed and served by **September 1, 2020.**

    d.    Pursuant to FRCP Rule 5(b)(2)(E), the parties consent to service by electronic means of pleadings and other papers covered by Rule 5.

    e.    <u>Production of Electronically Stored Information</u>:  The parties do not anticipate that this case will require the discovery of extensive electronically stored information (ESI). Any relevant ESI that is produced to the other party will be produced in hard copy or .pdf format, so as to enable the parties to exchange such relevant information without undue burden or expense. A requesting party may obtain relevant, non-privileged electronic information in a format other than .pdf or hard copy upon agreement of the parties or upon a showing of substantial need to the Court for such information in that format.

    f.    <u>Claw Back Agreement</u>:  The Parties request entry of the following order pursuant to Fed. R. Evid. 502:

In the event that either party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality for purposes of this or any other proceeding if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies the other party (the "Recipient") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient may, following the return and destruction described herein, challenge the privilege claim through a Motion to Compel or other pleading with the Court. The parties agree that any review of items by the Judge shall be an in-camera review. Should the Recipient not challenge the Discloser's claim of privilege or confidentiality, or should the Court determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in this or any other proceeding (whether arbitration or state or federal court). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

5

      g.      The parties agree to provide each other: (1) copies of non-party subpoenas for documents at least (5) business days prior to issuance to assess and assert objections absent agreement, and a copy of all documents received pursuant to non-party subpoenas within ten business days of receipt absent agreement or Court order.

      h.      The parties consent to entry of the Court's Standard HIPAA Order.

      i.      Final lists of pretrial disclosures under Rule 26(a)(3) are due fourteen (14) days before trial.  Parties have seven (7) days after service of final lists of pretrial disclosures to serve objections under Rule 26(a)(3).

      j.      All *in limine* motions should be filed fourteen (14) days before trial.

      k.      The case should be ready for pretrial conference in **October 2020**.

      l.      The case should be ready for trial in **November 2020** and is expected to take approximately 7 days.

                Respectfully submitted,

                */s/ James A. Stewart*
                Bruce L. Gordon (ASB-1897-R70B)
                John G. Dana (ASB-0493-A52J)
                James A. Stewart (ASB-6201-E64S)

                *Counsel for Defendant,* Habimana Dukuzumuremyi

**OF COUNSEL:**
Gordon, Dana & Gilmore, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209
205-874-7950 Telephone
205-874-7960 Facsimile
bgordon@gattorney.com
jdana@gattorney.com
jstewart@gattorney.com


                */s/ H.C. Ireland, III*
                H.C. Ireland, III (ASB-9915-D66H)

                *Counsel for Defendants, Advanced Correctional Healthcare, Inc. and David Hicks, D.O.*

**OF COUNSEL:**
Porterfield, Harper, Mills, Motlow & Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL  35242
Telephone: (205) 980-5000
Facsimile: (205) 980-5001
Email: ireland@phm-law.com

/s/ Matthew G. Garmon
Matthew G. Garmon (ASB-8225-X37K)
M. Todd Wheeles (ASB-5177-I65W)
Jeremy Knowles (ASB-3065-W86J)

*Counsel for Plaintiff*

**OF COUNSEL:**
MORRIS HAYNES
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243
Telephone: (205) 324-4008
Facsimile: (205) 324-0803
Email: mgarmon@mhhlaw.net
jknowles@mhhlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of the Court using the Pacer system which sends notification of such filing to counsel of record in this cause on August 29, 2019.

/s/ James A. Stewart
OF COUNSEL